ELIAS A. KELSEY, PLAINTIFF IN ERROR, V. JAMES McLAUGHLIN, DEFENDANT IN ERROR.

**Pleading:** EVIDENCE: BURDEN OF PROOF.  M. brought an action in the district court upon a promissory note made by K., who answered, alleging that he had sold certain real estate to M., the price of which was to be applied on said note.  M., in his reply, admitted the purchase of the real estate for the sum stated in the answer, but alleged that he had paid the purchase money to certain parties at the request of K.  *Held*, that the burden of proving said payment devolved on M.

Error to the district court of Douglas county.   Tried below before SAVAGE, J.

*Webster & Gaylord*, for plaintiff in error.

*C. A. Baldwin*, for defendant in error.

MAXWELL, CH. J.

In January, 1878, James McLaughlin brought an action in the district court of Douglas county against Elias A. Kelsey upon a promissory note given for the sum of $250.   Various credits were endorsed upon the note, and the amount claimed to be due thereon at the time of the commencement of the action was the sum of $25, with interest.   The defendant answered the petition of the plaintiff, denying that he was indebted to the plaintiff, and alleging that in 1876 he sold to the defendant certain real estate for the sum of $85, of which sum $64 was to be applied on said note, and that at or about the date of said sale it was agreed and understood by and between the defendant and said plaintiff that the plaintiff would give the defendant credit upon said note for the sum of $21, etc.   The plaintiff in his reply admits the purchase of

the real estate for the price stated, but alleges that afterwards and at the request of the defendant he paid to one Samuel Keontocher the sum of $64 for the defendant, and to one Wm. Funning, at the defendant's request, the sum of $20, and that said sums so paid by plaintiff as aforesaid were full and complete payment of the amount due defendant for said land, and alleges that he never agreed to indorse said sum of $21 upon said note.

On the trial of the cause the plaintiff testified that he was the owner of the note in question, and that there was due him thereon " the amount shown by the note less the indorsements thereon." The plaintiff then introduced the note in evidence, and rested. The defendant offered no evidence. The court found in favor of the plaintiff, and rendered judgment against the defendant for the sum of $23. The defendant brings the cause into this court by petition in error. .

The only question to be determined is, on whom lies the burden of proving the facts stated in the reply? Section 134 of the code of civil procedure provides that: " Every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action, be taken as true; * * but the allegation of new matter in the reply shall be deemed to be controverted by the adverse party, as upon a direct denial or avoidance." [Gen. Stat. 545.]

In the case at bar the plaintiff in his reply admits that he purchased the real estate set up in the answer for the sum therein specified, but alleges that he paid the price agreed upon to certain parties at the request of the defendant. . There being an admission on the part of the plaintiff in the reply that he was

indebted to the defendant in the sum of $85, for the consideration of the real estate described in the answer, the burden of proving that he paid this sum to the parties designated devolved on him. The court therefore erred in rendering judgment for the plaintiff. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.