SCHOOL DISTRICT No. 27, YORK COUNTY, PLAINTIFF IN ERROR, V. EDGAR HOLMES, DEFENDANT IN ERROR.

1. **Pleading**: ANSWER. In an action on an instrument for the payment of money a general denial in the answer is inconsistent with a plea of part payment.

2. ———: ———: DENIALS. After a general denial, specific denials of the same facts are unnecessary and improper, and the defendant may be required to elect.

3. **School District Bonds.** Where a school district pleads part payment of one of its bonds issued to erect a school house therein, but denies that such money was paid with its knowledge or consent, *Held*, Not a denial of the authority of the agent.

4. ———: LIABILITY OF DISTRICT. Upon the facts appearing in the record, *Held*, That the school district was liable upon a bond issued by it to raise money to erect a school house.

ERROR to the district court for York county. Tried below before GEORGE W. POST, J.

*George B. France*, for plaintiff in error.

*Harwood, Ames & Kelly*, for defendant in error.

MAXWELL, J.

This action was brought in the district court of York county by the defendant herein to recover from the plaintiff the sum of $250 upon a bond purporting to have been issued by said district on the 1st day of January, 1873, as alleged in the petition "for the purpose of building a

:school house in said district, and pursuant to a vote of said district at an election duly called and held in the manner provided by law." It is also alleged in substance that the bond in question was duly issued by the officers of said district, payable to A. B. Tutton or bearer, and duly registered in the county clerk's office of that county, and was purchased by the defendant herein before it became due, for a valuable consideration, and in the usual course of business. That no part of the same has been paid "except the interest accrued thereon until January 1st, 1876, which amount was paid on that day on said bond by one Gilbert Green, treasurer of said district," etc.

The answer is: 1st. A general denial. 2d. Specific denials of the facts stated in the petition. 3d. Alleges "that one W. S. Hills, on the 18th day of February, 1874, paid on said pretended bond $25, and on the 19th day of January, 1876, the sum of $52, and that all of said payments were made without the knowledge or consent of this defendant (plaintiff in error), and that said plaintiff received said amount in part liquidation of said pretended bond. 4th. That by the terms of said pretended bond the whole amount of said bond became due and payable on the 1st day of January, 1875. That no part of said pretended bond and interest has been paid by this defendant, or by any one authorized by this defendant to pay the same; nor has any part thereof been paid by or with the knowledge or consent of this defendant, and more than five years have elapsed after said pretended bond became due and payable before the commencement of this action, etc. On the trial of the cause the court found the issues in favor of the plaintiff below (defendant in error). The school district brings the cause into this court.

The code authorizes the defendant to set up as many defenses as he may have. These must be consistent, and as they must be sworn to, the defendant must believe them to be true. The design of the code was to simplify

procedure by requiring a statement of the exact facts con-stituting the several defenses.    These, if true, will be consistent.    Thus, suppose an action is brought upon a promissory note, the defendant may plead payment or partial payment and partial failure of consideration or any other fact to show that he is no longer liable on the note.

The equity rule as stated in *Hopper v. Hopper*, 11 Paige, 46, is "that a defendant cannot set up two defenses which are so inconsistent with each other, that if the matters containing one defense are truly stated, the matters upon which the other defense is attempted to be based must necessarily be untrue in point of fact.    But the defendant may deny the allegations upon which the plaintiff's title to relief is founded, and may at the same time set up in his answer any other matters not wholly inconsistent with such denial."

Judge Bliss in his valuable work on code pleading, sec. 343, has very clearly stated the rule as follows : " The leading object of the provisions of the code in regard to pleading is to bring to the view of the court the real controversy between the parties, to make them show on paper wherein they agree and wherein they disagree."    Maxwell's Pl. & Prac. [3d ed.], 93.

With what consistency could a defendant deny all the facts stated in a petition on a promissory note alleged to have been made by him, and plead payment of the same, or any other fact admitting that he executed the note ? Such an answer if sustained not only contravenes the provisions of the code which require a plain, concise, and truthful statement of the matters constituting a defense or defenses, but offers a premium for perjury, and tends to complicate and confuse the issues.

Second.    Where a defendant has filed a general denial and also specific denials of the same facts he should be required to elect upon which he will rely.    The language of sec. 99 of the code is, that " The answer shall contain, first, a general *or* specific denial of each material allegation of

the petition controverted by the defendant," etc. This clearly implies that the denial may be either general or special as to any particular matters, but cannot be both. Indeed nothing is gained by a special denial of facts already controverted by a general denial, and the only effect is to multiply words and cumber the record.

Third. The allegations in the answer that W. S. Hill, on the 18th day of Febuary, 1874, paid $25 on said bond, and on the 19th day of January, 1876, the further sum of $52 upon the same, are interposed as a plea of payment. It is said that these payments were made without the knowledge or consent of the school district. This may be true, but it falls far short of a denial of his authority to pay the same. The school district having admitted the payment of the money for its benefit, assumes the burden of proof to show the want of authority of the person paying the same. A school district must act through its officers, and if one of them has paid money which apparently was done with the authority of the district it will be barred unless it disprove such authority. This it has failed to do.

The record therefore shows that the bond in question was issued under the authority of the district, that it sold the same and received the money therefor, and that payments were made thereon substantially as alleged in the petition. This certainly was sufficient to show that the district was liable and fully justified the court in rendering judgment against it.

It is unnecessary to determine the effect of the plea of the statute of limitations, that is, whether it in effect confesses and avoids the cause of action. As that question was not very fully argued, and is not necessary to be considered, it will not be decided. It is evident that justice has been done and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.