JOHN A. SMILEY V. WILLIAM ANDERSON.

[FILED NOVEMBER 26, 1889.]

1. **Assumpsit:** PLEADING: QUESTION OF FACT. In an action to recover the value of certain services the defendant in his answer alleged that "the plaintiff never performed the services claimed at defendant's request and defendant never promised to pay for any such services," *held*, an admission that the services were rendered as claimed, but the question whether they were voluntary or rendered at the defendant's request must be determined by the jury from the evidence.

2. **Instructions** examined, and *held*, applicable to the evidence.

ERROR to the district court for Douglas county.   Tried below before WAKELEY, J.

*Savage, Morris & Davis,* for plaintiff in error.

No brief filed.

*Lee S. Estelle, contra,* cited : *Hohman v. Steele,* 18 Neb., 652; *Churchill v. Holton,* 38 Minn., 519 ; *Ludlow v. Dole,* 62 N. Y., 617.

MAXWELL, J.

This action is brought by the defendant in error against the plaintiff in error to recover the value of certain services which it is alleged he rendered at the plaintiff in error's request.   It is alleged in the petition that " The plaintiff entered into the service of the defendant, at his request, as agent, to negotiate with the Belt Line Railway Company, now known as the Missouri Pacific Railway Company, for the purpose of bringing about a settlement between the said John A. Smiley and the railway company, the said defendant John A. Smiley then claiming damages from the said railway company for lands taken from the said John A. Smiley for the right of way for the track of said railway company ; that said plaintiff continued in the service of said defendant until March 20, 1887 ; that during said time plaintiff performed services as agent for said defendant, and that the difference between the said John A. Smiley and the said railway company was finally compromised, the said railway company paying the said Smiley the sum of $8,500 ; that said defendant agreed to pay to said plaintiff for said services such sum as they were reasonably worth, and in addition thereto five per cent of all sums recovered from or paid by said railroad company to said John A. Smiley ; that said services were

reasonably worth $100 per month ; that five per cent of the sum recovered by Smiley from said railroad company is $425; that there is now due from said defendant to said plaintiff the sum of .$1,425, with interest from March 20, 1887."

To this petition Smiley filed an answer, in which he alleges that "The plaintiff never performed the services claimed at defendant's request, and defendant never promised to pay for any such services."

On the trial of the cause the jury returned a verdict for $200, in favor of Anderson, upon which judgment was rendered.

It will be observed that the rendering of the services as claimed is admitted, and the only question for determination is, Were such services rendered at Smiley's request? Upon that point the proof is abundant, and fully sustains the verdict.

The court instructed the jury that "If a person requests another to perform services for him, and there be no agreement as to whether they shall be paid for or not, then, unless it appears from the circumstances that there is a mutual understanding between the parties, that the services shall be rendered gratuitously, the law implies that there shall be a reasonable compensation paid therefor." But if it appears that there was such understanding, and the services are rendered pursuant thereto, the person rendering them is entitled to recover compensation therefor. This was fully warranted by the evidence and there was no error in giving it. The seventh instruction is objected to. It is as follows: "In determining what is a reasonable compensation for the services, if you have occasion to do so, you may consider all the facts in regard to them, and what the parties may have said to each other as to compensation, although no witness has given an opinion as to the value thereof." There is testimony in the record tending to show that Smiley had promised to pay Ander-

son the same wages that he had been receiving as an employe of the Union Pacific Railway, if he would assist him in effecting a settlement of the claim in controversy, and the instruction in question no doubt was given with reference to such testimony, and seems to be unobjectionable. It is apparent that there is no material error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.