DWELLING HOUSE INSURANCE COMPANY OF BOSTON v. GEORGE W. BREWSTER.

FILED JANUARY 17, 1895.    No. 5718.

1. **Pleading.** In a reply certain matters were alleged which, it was claimed, constituted either waivers, estoppel, or avoidance of the effect of matters of defense contained in the allegations of an answer to which they were respectively directed and applied. The reply also contained a general denial of each and every allegation of the answer. *Held,* That any allegation of the answer to which the reply pleaded a waiver, an estoppel, or matter to avoid its effect must be treated as admitted.

2. **Instructions.** In stating the case to the jury in its instructions the court should clearly outline the issues as presented by the pleadings and should not inform them that facts, which are admitted, are denied.

3. ————: BURDEN OF PROOF: REVIEW. An instruction which, as to certain of the issues in the case on trial, placed the burden of proof upon the wrong party, or one upon whom, under the conditions of the questions to be tried as presented by the pleadings, such burden did not rest, and where the evidence adduced, relating to such issues, was conflicting, *held* to be erroneous and misleading, and prejudicial to the rights of such party, and not to fairly submit the issues to the jury, and to call for a reversal of the judgment.

4. **Insurance:** WAIVER OF PROOF OF LOSS. Proofs of loss required by a condition of an insurance policy are waived when the insurance company denies any liability for the loss on the ground that the policy was not in force at the date of the loss.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

See opinion for statement of the case.

*Cornish & Lamb,* for plaintiff in error:

The court erred in its presentation of the issues to the jury, and in instructing the jury that the burden was upon the plaintiff only to prove the value of the building insured. (*School District v. Holmes,* 16 Neb., 486; *Chicago, St. P., M. & O. R. Co. v. Lindstrom,* 16 Neb., 254; *Dinsmore v. Stimbert,* 12 Neb., 433; *Phenix. Ins. Co. v. Bachelder,* 32 Neb., 490; *German Ins. Co. v. Fairbank,* 32 Neb., 750; *Kelsey v. McLaughlin,* 10 Neb., 6.)

It was the duty of the plaintiff to show a compliance with the terms of the policy in furnishing proofs of loss, or to show that such proofs were waived by the company. (*German Ins. Co. v. Heiduk,* 30 Neb., 288; *Hankins v. Rockford Ins. Co.,* 70 Wis., 1; *Knudson v. Hekla Fire Ins. Co.,* 75 Wis., 198; *Cleaver v. Traders Ins. Co.,* 65 Mich., 527; *Gould v. Dwelling House Ins. Co.,* 51 N. W. Rep., [Mich.], 455; *Enos v. Sun Ins. Co.,* 8 Pac. Rep. [Cal.], 379; *Kyte v. Commercial Union Assurance Co.,* 144 Mass., 46; *Zimmerman v. Home Ins. Co.,* 77 Ia., 685; *Continental Ins. Co. v. Ruckman,* 127 Ill., 364; *Quinlan v. Providence Washington Ins. Co.,* 133 N. Y., 356; Richardson, Insurance, sec. 82, and cases cited.)

*A. Norman, contra,* cited: *Russell v. Cedar Rapids Ins. Co.,* 32 N. W. Rep. [Ia.], 95; *Oshkosh Gas Light Co. v. Germania Fire Ins. Co.,* 37 N.W. Rep. [Wis.], 819; *Jones v. Howard Ins. Co.,* 22 N. E. Rep. [N. Y.], 578.

*Marquett, Deweese & Hall,* also for defendant in error.

HARRISON, J.

The defendant in. error commenced this action in the district court of Lancaster county, alleging, in substance, in his petition, that on August 9, 1886, he was the owner

38

of a dwelling house in Brewster, Blaine county, and the insurance company, plaintiff in error, in consideration of the sum of $40, issued and delivered to him, of the above date, a policy of insurance insuring the above building against loss or damage by fire, in the sum of $1,000, during a term of five years; that on the 2d day of December, 1887, the building so insured was wholly destroyed by fire, and on or about the 6th day of December, 1887, he gave the insurance company due notice and proof of the fire and loss, "and has duly performed on his part all the conditions of said policy of insurance;" that the building was of the value of $1,000 at the time of its destruction by fire; that payment of the loss has been demanded by the insured of the company, but such payment has never been made. The company filed an answer which was as follows:

"For answer to the plaintiff's petition the defendant herein denies each and every allegation therein contained not herein specifically admitted. .

"Second—The defendant admits that on the 9th day of August, 1886, they made and delivered their policy of insurance on the property described in plaintiff's petition, and that the building therein insured was destroyed by fire on the 2d day of December, 1887, and that the defendants have not paid the loss occasioned thereby.

"Third—The defendants further answer and allege that the said insurance policy contains, among other things, a provision as follows: 'By acceptance of this policy the assured covenants that the application therefor shall be and form a part thereof, and a warranty by the insured.'

"Fourth—The plaintiff made his written application for the said policy of insurance, wherein he stated that there were no stove-pipes running through the roof of the said building. The said statement was untrue, and there was at said time a stove-pipe running through the roof of said building, as the plaintiff then well knew, and said

statement was made to deceive this defendant. The plaint-
iff further warranted to the defendant as follows: 'War-
ranted by the insured that all stove-pipes will enter stone
or brick chimneys on and after October 9, 1886. Geo. W.
Brewster.' Defendant alleges that plaintiff failed and
neglected to comply with term of said warranty made by
him, and that stove-pipes in said building not entering
stone or brick chimneys were allowed to remain in the
same until the time of its destruction. This defendant
company has no agency or person representing them in the
county where said building was located, but this contract
was made at the office of their agent in Ainsworth, Brown
county, Nebraska, and this defendant, in issuing said
policy, relied on the statements made by the plaintiff.
The said building was represented by the plaintiff to be,
and was insured as, a private dwelling, but was then, and
at the time of its destruction, used as a hotel or boarding
house, as the plaintiff at all times well knew. The said
insurance policy provides, among other things, that in case
of the destruction of the property insured, the assured
shall forthwith give notice of the loss to the defendant
company, and within thirty days from the time of its destruc-
tion furnish proof thereof, signed and verified by the
claimant, stating the origin and circumstances of the fire,
title and cash value of incumbrances upon, and interests
of the claimant in the insured property, amount of the
loss, other insurance, if any, the changes of title, use or oc-
cupation or possession of the building, what incumbrances,
if any, were made during the time of insurance, and how
and for what purpose the building was occupied at the
time of the fire, the same to have attached a certificate of a
magistrate nearest the place of the fire, certifying that he
believes the claim to be just and honest. The defendant
alleges that plaintiff failed and neglected to furnish proofs
of loss, as required by said provision, either in whole or in
part. The said policy contained, among other provisions,

one as follows: 'It is mutually agreed that no suit or action against this company upon this policy shall be sustained in any court of law or equity, unless commenced within six months after the loss or damage shall occur, and if any suit or action shall be commenced after the expiration of six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding.' The defendant alleges that no action was commenced by the plaintiff within the time required by said provision, nor until the time of the commencement of this action, when more than one year had elapsed after the said fire had occurred. The defendant, within sixty days after the time of said loss, notified plaintiff that it was not liable on said policy, and that the same was void. The said policy provided that in case the interest of the insured was or should become any other than a perfect legal and equitable title, free from all liens whatever, except indorsed in writing thereon, the policy should be void. The defendant alleges that on the 6th day of December, 1887, the plaintiff incumbered the property by mortgage to the Lincoln Land Company in the sum of $1,100. The same was done without the knowledge and consent of this defendant, and without the same being indorsed in writing on said policy. By reason of the facts above alleged the said policy is void."

To this answer there seems to have been a reply filed, and, by leave of the court, an amended reply, which reads as follows:

"The plaintiff alleges that the defendant has waived the agreement to build brick and stone flues and chimneys in the building insured within sixty days; that defendant has waived that part of the application which warranted that all stove-pipes will enter brick or stone chimneys on and after October 9, 1886. Plaintiff further replying says that the character and nature of said building was known

to the company's agent at the time he issued said policy, and has therefore waived any objection to the said building being used as a boarding house.    Plaintiff further reply- ing says that the defendant has waived that provision in said policy requiring that formal proofs of loss be made within thirty days from the time of 'its destruction by the acts and conduct of the defendant, its agents and adjusters. Plaintiff further replying says that the defendant is es- . topped from setting up the defense that the property was · mortgaged by the plaintiff after the date of said policy, without the knowledge and consent of the defendant by the reason of said insurance company having possession of said policy and never having delivered the same to the plaintiff until after the making of the mortgage to the Lincoln Land Company; that defendant has, by its conduct and acts, waived that provision in said policy which renders the policy void, if the said plaintiff should mortgage or incumber said property without the knowledge and consent of said defendant.    This plaintiff alleges that the mort- gage to the Lincoln Land Company was duly filed for record in Blaine county, Nebraska, on the 7th day of Sep- tember, 1887, and that the said defendant had knowledge and knew that said mortgage had been given, and that out of its proceeds the mortgage upon said Ormsby, trustee, which was on said property at the time it was insured, had been paid off and canceled, and that the plaintiff herein had been subrogated to all the rights of said mortgagee. Further replying, plaintiff denies each and every allegation in said answer contained."

As a result of the trial of the case before the court and a jury there was judgment rendered against the answering company for the amount stated in the policy and interest, the reversal of which is the object and purpose of its error proceeding in this court.

One assignment of error refers to the first and second instructions given by the court on its own motion, and com-

plaint is made that in view of the condition of the issues joined by the pleadings, such instructions were erroneous and calculated to mislead the jury. The first instruction was intended by the court to inform the jury of the questions for their consideration as presented in the pleadings, and the particular portion of it which is claimed as objectionable is contained in the following words: "Plaintiff replying denies all these allegations of the answer." Immediately preceding this, in the instruction, was a statement of what was contained in the anwer. The second instruction is as follows:

"Second—The defendant company having admitted the issuance of the policy sued on, the loss alleged by fire and its having not paid said loss, the burden of proof upon plaintiff goes only to proving that the building insured was worth $1,000, the sum for which it was insured; and the jury are instructed that if they believe from the evidence that the building insured was worth at least $1,000 at the time of said fire and loss, then that the burden of proof in this case is shifted from the plaintiff to the defendant, and it devolves upon the defendant to show by a preponderance of the evidence such facts as in law are sufficient to relieve the defendant from its obligation under the said policy to pay said loss; and you are instructed that unless defendant shows facts sufficient in law to relieve it from its obligations to pay for said loss, then your verdict should be for plaintiff in such sum, not exceeding $1,000, as you shall find from the evidence to have been the value of said building on the 2d day of December, 1887, with interest at seven per cent per annum from the date of proof of loss thereunto added, if such proof you find made."

The plaintiff in error claims that the court erred in instructing the jury, first, that the reply was a denial of the allegations of the answer; and, second, in stating to them that the issuance of the policy, the loss and its non-payment being admitted, it only devolved upon the insured to prove

the value of the property, to shift the burden of proof and throw upon the company the necessity of showing by a preponderance of the evidence any matters relied upon to relieve it from its obligation to pay the loss. In order to determine whether or not the foregoing contention of plaintiff in error is correct, and the effect of the instructions quoted prejudicial to the substantial rights of the company, it will be necessary to examine into the condition of the issues in the case as established by the pleadings and the rules of law applicable thereto.

The insured, in his petition, alleged the performance of all the conditions of the policy on his part to be performed. The answer contained statements of a number of failures to perform conditions of the policy, or the doing of acts which, under its provisions, it was claimed avoided it and released the company from liability. The reply to the defenses set up in the answer stated matters which it was claimed constituted waivers, by the company, of the breaches of the conditions claimed in some of the alleged defenses, an avoidance of the effect of what was pleaded in others, and an estoppel as to others of such defenses. The reply also contained a general denial of each and every allegation contained in the answer. As to each allegation or defense of the answer to which the reply alleged matter by way of waiver, avoidance, or estoppel, it must be held to have virtually admitted the performance or non-performance of the conditions or acts therein stated as the foundation of such defense. (*Kelsey v. McLaughlin,* 10 Neb., 6; *Dinsmore v. Stimbert,* 12 Neb., 433; *School District v. Holmes,* 16 Neb., 486.) One of the defenses stated in the answer, and relied upon by the company, was the fact that the insured had not furnished the proofs of the loss required by the terms of the policy of insurance. Whether this was true or not was immaterial, as the company denied that it was bound to pay the loss, claiming that the policy was not in force at the time of the destruction of the prop-

erty. This was a waiver of the requirements of proofs of loss. (See *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 473, and cases cited, and *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 569.) It is apparent that under the issues as presented by the pleadings it devolved upon the insured to prove certain of the waivers, if any, by the company, of the conditions of the policy, the matters in avoidance of the effects of his acts, and anything which he claimed estopped the company from asserting some of its alleged defenses; and as the testimony in regard to some of these subjects was conflicting, it was error for the court to charge the jury as it did in the first and second instructions hereinbefore quoted, and such error was prejudicial to the rights of plaintiff in error. It was clearly wrong to inform the jury that all the allegations of the answer were denied by the reply, when, in fact, a number of them were admitted by it, and as clearly wrong to inform them that when the insured made proof of value, the burden of proof shifted to the company, and they must, as to admitted facts, produce a preponderance of the evidence, for this was the true import of the portion of the second instruction of which the plaintiff in error complains, and we are satisfied that the instructions under consideration were such as had a strong tendency to mislead the jury and they should not have been given; that they were so inapplicable to the issues, as formed in the case, and the evidence adduced during the trial, as to prejudice the interests of plaintiff in error and to require a reversal of the judgment.

REVERSED AND REMANDED.