OMAHA FIRE INSURANCE COMPANY v. JOHN H. DIERKS.

FILED JANUARY 17, 1895.  No. 5852.

1. **Insurance:** WAIVER OF NOTICE OF LOSS. The right of an insurance company to notice of loss is a right which the company may waive; and when the insurer denies all liability for the

loss and refuses to pay the same, and places such denial and refusal upon grounds other than the failure of the insured to give notice of the loss, such denial and refusal avoid the necessity of such notice. *Omaha Fire Ins. Co. v. Dierks,* 43 Neb., 473, and cases there cited, followed.

2.⁚ ———: ———. An insured in a suit on an insurance policy alleged in his petition that, as provided by the terms of the policy, he gave notice of the loss in writing to the insurer and gave notice of said loss to the agent of the insurer nearest to where the loss occurred. The insurance company, by its answer, expressly denied this averment of the petition, and pleaded as an affirmative defense that the policy sued upon was never in force, because its issuance and delivery were procured by the representation of the insured made at the time that the property mentioned therein was unincumbered; that the insurer believed and acted upon said representation and issued the policy in consequence thereof; that such representation at the time was false and known by the insured to be false; that the property at the time the policy was issued was incumbered by a mortgage which was a valid lien thereon at the date of its destruction by fire. *Held,* (1) That the defense that the policy was not in force at the time the loss occurred was inconsistent with the defense of want of notice of the loss; (2) that the insurer, by placing its defense to the action on the ground that the policy sued on was never in force, waived the provision in the policy which required the insured to give notice of the loss, and made that issue wholly immaterial.

ERROR from the district court of Holt county. Tried below before KINKAID, J.

*Jacob Fawcett,* for plaintiff in error.

*M. F. Harrington, contra.*

RAGAN, C.

John H. Dierks brought this suit in the district court of Holt county against the Omaha Fire Insurance Company to recover the value of certain live stock which he alleged he owned, which had been insured against loss or damage by fire by the insurance company, and which live stock

had been destroyed by fire. Dierks had a verdict and judgment, and the insurance company brings the case here for review.

Of the thirteen assignments of error in the petition in error only one is argued. White, in his petition, alleged:. "About the 5th day of February, 1891, the plaintiff gave notice of said loss to O. Wallace, the agent of the defendant nearest to where the loss occurred, and also gave notice of said loss to the defendant; and about February 5, 1891, plaintiff gave notice of said loss verbally to one Hicks, an adjuster of the defendant at the place where said loss occurred, and furnished said adjuster all evidence of said loss by him required, and defendant has requested no further proofs of said loss." This allegation of the petition the insurance company by its answer expressly denied. On the trial of the case Dierks offered no evidence in support of the allegation of his petition quoted above, and the argument of the insurance company now is that because of such failure of Dierks the verdict of the jury is unsupported by the evidence and the judgment of the district court contrary to the law of the case.

The insurance company, in its answer, in addition to the denial already mentioned, pleaded as an affirmative defense that it had not paid Dierks any sum whatever for any loss he had sustained by reason of the fire of the 2d of February, 1891,—this is the date Dierks alleged the fire occurred which destroyed the insured property,—and denied that any sum was due Dierks from it, or that it was liable for any loss that he had sustained by reason of said fire, because the insurance contract sued upon was procured by the representations in writing made by Dierks at the time he made application for the insurance; that the representation made by Dierks was that the insured property was then unincumbered; that the insurance company believed said representation, relied and acted upon such representation, and insured the property; and that said representation, at

the time it was made, was false and known by Dierks to be false; and that the property at the time the policy was issued was incumbered by a mortgage, and that at the date the fire occurred said mortgage was a valid and subsisting lien upon the property insured; that said contract of insurance, by reason of the fraud of Dierks in procuring it, was not in force at the date of the loss, and had never been in force.    This affirmative defense set up by the company was, in substance, a plea of confession and avoidance. It in effect admitted the execution and delivery of the policy, the destruction of the insured property by fire, and the receipt by it of notice of the fire.

The defense that the policy was not in force at the time of the loss and had never been in force, was utterly inconsistent with the defense of want of notice of ' the fire. (*Tayloe v. Merchants Fire Ins. Co. of Baltimore*, 50 U. S., 390.) We had occasion to examine this question in *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 473, decided at this term. It was there held that the right of an insurance company to notice of loss is a right which the company may waive, and when the insurer denies all liability for the loss and refuses to pay the same, and places such denial and refusal upon grounds other than the failure of the insured to give notice of the loss, such denial and refusal avoid the necessity of such notice.    The issue in this case as to whether Dierks furnished the insurance company notice of the loss, in view of the defense interposed by the insurance company, became, and was, wholly immaterial.    The object of pleadings is to inform the court and adverse parties of the facts which the pleader relies upon as a cause of action or a ground of defense, and in the case at bar the insurance company by its answer gave notice that it would defend against the claim. of Dierks on the ground that the policy made the basis of his suit was, as a matter of fact and of law, never in force. The material issue then in the case was not whether the company had issued the policy sued on, whether the pre-

mium had been paid, whether the insured property had been destroyed or damaged, nor whether the insurance company had been notified of the fire; but whether the policy made the basis of Dierks' action was procured from the insurance company by false and fraudulent representations; and it was not a condition precedent to Dierks' right of recovery in this case that he should prove that he notified the insurance company that the insured property had been destroyed by fire.    The defense argued here is technical in the last degree.    It is devoid of merit and lacks the spirit of common fairness in ordinary business transactions. The insurance company in the court below did not prove, nor attempt to prove, the defense set up by it in its answer. It put no witness on the stand; nor did it even cross-examine the witnesses called in behalf of the plaintiff.    It is nowhere suggested in the pleadings nor in the arguments of the insurance company that it was prejudiced in any manner by the failure of Dierks to notify it that the insured property had been destroyed.    The insurance contract itself does not make the right of the insured to recover for a loss in any manner dependent upon his notifying the insurer that a loss has occurred.    The judgment of the district court is

AFFIRMED.