NORTH NEBRASKA FAIR & DRIVING-PARK ASSOCIATION
v. GEORGE W. BOX.

FILED JANUARY 5, 1899.   No. 8596.

1. **Pleading: ADMISSIONS: SETTLEMENT.** A pleading which states that if a settlement or adjustment of an account was of occurrence its effect was avoided by reason of a mistake or of fraud therein is an admission of the fact of the settlement or adjustment.

2. **Settlement: FRAUD: MISTAKE: EVIDENCE.** The circumstances of a settlement presented in this action *held* to include matters of mistake or fraud sufficient to avoid its effect against the complaining party.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Reversed.*

*George A. Latimer* and *Powers & Hays*, for plaintiff in error.

*Barnes & Tyler*, contra.

HARRISON, C. J.

The plaintiff instituted this action against defendant to recover an amount alleged to be its due of moneys collected by him in the capacity of secretary of the association and which it was further pleaded it was his duty to account for and turn over to its treasurer, which duty defendant had failed and refused to perform. In the answer the receipt of the moneys was admitted and a settlement and adjustment of the account was pleaded. In a reply there was a denial of the affirmative matter of the answer, but there was a further statement that if there had occurred a settlement between the association and the defendant of the alleged differences, it was effected or induced by fraud and mistake. A trial of the issues resulted favorably for the defendant, and the cause is presented here in an error proceeding on behalf of the plaintiff.

· The matter of the reply relative to a settlement constituted an admission of the fact and an asserted avoidance of it. (*Dinsmore v. Stimbert*, 12 Neb. 433; *Smiley v. Anderson*, 28 Neb. 100; *Dwelling-House Ins. Co. v. Brewster*, 43 Neb. 528; *School District·v. Holmes*, 16 Neb. 486; *State v. Hill*, 47 Neb. 456.)

The secretary of the association, the defendant herein, was required by the articles and by-laws of the corporation to collect all moneys due it and pay the same to its treasurer, and to report regularly his actions as an officer of the association. He collected money, but did not pay it to the treasurer. He retained it, and constituted himself in effect the manager or managing agent of the plaintiff, made collections, hired parties to perform labor, also to furnish supplies for the association, and paid the bills without an allowance by the auditing committee provided for by the rules which had been adopted for the government of the corporation and by which it was provided all bills should be examined and allowed or rejected. There was also a provision in the by-laws that all payments should be by order on the treasurer signed by the secretary and countersigned by the president or vice-president. These rules of conduct of business, as we have stated, were wholly disregarded by the secretary, the defendant herein, for reasons which he detailed in his testimony at the hearing, and which he deemed at the time sufficient. What the reasons were we need not here enumerate. There was at least one item, if not more, in regard to which, to the extent the record discloses, the corporation or parties acting for it were not fully informed,—did not possess knowledge of the attendant and connected facts and circumstances, which rendered it or them, to say the least, more than doubtful in character as a claim or claims against the association. The party who rendered the report or account which formed the basis of the adjustment between him and the association knew all the facts, but did not impart them to the other party. This being true, the adjustment was made under

a mistake, even if the element of fraud was absent, and the association could go back of it and collect amounts due it. It follows that the judgment must be reversed and the cause remanded.