S. H. RANSOM & CO., PLAINTIFFS IN ERROR, v. FERDINAND SCHMELA, ADMINISTRATOR, DEFENDANT IN ERROR.

1. **Chattel Mortgage:** REFILING AND RECORDING. After the repeal of sec. 74, ch. 43, Rev. Stat., by the act "to amend sections seventy-three," etc., the refiling and recording of chattel mortgages was rendered unnecessary thereafter for the protection of the interests of mortgagees.

2. ———: MORTGAGEES IN GOOD FAITH. To be a mortgagee *in good faith* under that section, one must be without actual notice of the prior incumbrance.

3. ———: QUESTION OF FRAUD: CREDITORS PURCHASERS. Under sec. 70, ch. 43, Rev. Stat.—Comp. Stat., sec. 11., ch. 32—the question of fraud can be raised only by creditors and purchasers. Creditors can not raise it without first obtaining a judgment, or process of some sort, against the property. And purchasers can not without first establishing their own good faith.

4. Witness: COMPETENCY. One who has a direct legal interest in the result of a cause, in which the adverse party is administrator of a deceased person, is not a competent witness therein; liability for the costs of the action is such an interest.

ERROR to the district court of Cuming county. Tried below before BARNES, J.

*J. C. Crawford*, for plaintiff in error.

The life of Bergtold's mortgage having limited in advance to one year it ceased to be of any force whatever as against the plaintiffs in error after that time, and the repeal of the law under which it was recorded could not have operated to give it new life, as its life had been limited to one year, unless, etc., and the policy of our law has been to require such instruments to be recorded. The Bergtold mortgage died at the end of one year of the date of record, so far as we are concerned, or it lives forever. Even if Bergtold took his mortgage *bona fide* and not fraudulent as to creditors, etc., he lost his priority of lien as against Ransom & Co., unless he showed that Ransom & Co. took their mortgage with actual notice of the existence of the Bergtold mortgage. Constructive notice is not sufficient. *Day et al. v. Munson et al.*, 14 Ohio State, 488. Unless refiled, absolutely void as to subsequent mortgages, etc. *Seaman v. Eager*, 16 Id., 209. Where registration is required, no notice of a mortgage, however full or formal, will supply registration. Herman on Chattel Mortgages, p. 179. Under Ohio and New York statutes actual notice of prior mortgage will not affect subsequent creditors, etc. Id., p. 181. The statutes of these states do not contain the words

*without notice*, as do the statutes of some other states. Id., p. 181. There having been no change of possession, it devolved upon the plaintiff in the court below (defendant in error) to show that his mortgage was made in good faith, and not fraudulent. *Brunswick v. McClay*, 7 Neb., 137. Gen. Stat., p. 393, sec. 11. Herman on Chattel Mortgages, p. 156. And having failed to do so, it was the duty of the court to instruct the jury to find for the defendants as requested; and this court should now render such a judgment as should have been rendered by the court below—that the goods and chattels replevied be returned to the defendants, or that they recover the value thereof. *McCurdy v. Brown*, 1 Ohio, 101.

*R. F. Stevenson*, for defendant in error, cited Jones on Chattel Mortgages, p. 242, sec. 292. *Latmer v. Wheeler*, 30 Barb., 485, *Meech v. Patchin*, 14 N. Y., 71. *Wray v. Fedderke*, 43 N. Y. Superior Court, 335. S. H. Ransom & Co., having taken their mortgage prior to the expiration of a year in which to refile, can not take advantage of it. *Thompson v. Van Vechten*, 5 Abb. Pr., 458. *Wiles v. Clapp*, 41 Barb., 645. *Manning v. Monaghan*, 23 N. Y., 539. *Lewis v. Palmer*, 28 N. Y., 271. *National Bank v. Sprague*, 21 New Jersey Eq., 530.

LAKE, CH. J.

The action in the district court was brought by the defendant in error to recover possession of certain personal property claimed by him under a chattel mortgage executed to his intestate by one Andrew Herman. The plaintiffs in error, who on their own motion were made parties defendant in the court below, also claim the property by virtue of a subsequent mortgage from the same party. The first of these mortgages was given January 26th, 1877, and the other January 15th, 1878. The one represented by the defendant in error, therefore, was prior

in point of time, and a first lien upon the property. Being the first lien, it follows that the defendant in error was entitled to have and hold the property for its satisfaction, unless, for some reason urged by the plaintiffs in error, that lien has been either lost or rendered subject to their mortgage.

It is claimed on behalf of the plaintiff in error that the first mortgage was subordinated to the second one by reason of it not having been refiled and recorded "with a statement exhibiting the interest of the mortgagee in the property mortgaged," as directed by sec. 74, ch. 43, Rev. Statutes. But this claim is not sustained for at least two good reasons, one of which is, that the section referred to, although in force when the mortgage was executed, had ceased to be operative before this step could have been taken according to its terms, it having been repealed by the act "to amend sections seventy-three," etc., approved February 15th, 1877. Laws 1877, 51. By this repeal, such re-filing and recording was rendered unnecessary thereafter for the protection of the interest of mortgagees.

The other reason is that, even if this section had continued in full force, the plaintiffs in error have not shown themselves to be entitled to its aid, which was intended only for creditors of mortgagors, and subsequent purchasers and mortgagees *in good faith*. They are subsequent mortgagees it is true, but there is nothing in the record to show that they were not well advised of the existence of the prior mortgage when they took theirs. The want of notice is a fact to be alleged, and, when not admitted, proved by evidence, like any other disputed fact in a case. And the burden of proof rests upon him who would establish the character of a mortgagee in good faith. There is no presumption of law to aid him in the absence of evidence.

In *Gregory v. Thomas*, 20 Wend., 17, the court, in commenting on a provision of statute similar to our own, said

that "actual notice of the existence of an unpaid prior mortgage of personal property destroys the preference which a second mortgagee would otherwise be entitled to claim, in consequence     *     *     *   .   *     of the omission of the first mortgagee to re-file his mortgage within the period prescribed by statute." The same rule is found in *Hill v. Beebe*, 13 N. Y., 556, and in *Paine et al. v. Mason et al.*, 7 Ohio St., 198.

It is contended that the mortgage under which the defendant in error claimed the property was erroneously admitted in evidence. This contention is based upon sec. 70, chap. 4, Rev. Stat.—Comp. Stat., sec. 11, chap, 32, which provides, in substance, that without an actual and continued change of possession of the property, a chattel mortgage will be presumed fraudulent as to creditors of the mortgagor and "subsequent purchasers in good faith," and conclusively so "unless it shall be made to appear that it was made in good faith and without any intent to defraud such creditors or purchasers."

It will be noticed that but two classes of persons are mentioned in this section as entitled to its benefits, viz., creditors and purchasers. To which class, if either, do the plaintiffs in error belong? Clearly not to the former as that term is here used. As mere creditors of the mortgagor they could not raise the question of fraud without first obtaining a judgment or process of some sort against the property. Jones on Chattel Mortgages, sec. 245, and cases there cited. Having acquired the lien or right which they are asserting by a voluntary transfer from the mortgagor, they are in the attitude of purchasers, and as such cannot invoke the aid of this provision without first establishing their own good faith, which they have neither done nor even attempted to do.

As to the witness Herman, the exclusion of whose testimony is assigned for error, he was clearly incompetent. He was the original party defendant, and, notwithstanding

his disclaimer, was interested at least to the extent of the costs that might be adjudged against him. In the language of the statute he had a direct legal interest in the result of the cause, and the adverse party was an administrator of a deceased person. Code of civil procedure, sec. 329. *Wamsley et al. v. Crook and Hall,* 3 Neb., 344. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.