MARY C. NASON, APPELLEE, V. ABNER W. NASON ET AL., APPELLANTS.

FILED JULY 12, 1907. No. 14,930.

1. Pleading: ADMISSIONS. Facts alleged in a petition to which the defendant in his answer pleads a waiver, an estoppel, or matter to avoid, will be treated as admitted, though the answer also contains a general denial. *Dwelling House Ins. Co. v. Brewster*, 43 Neb. 528.

2. Evidence: SUBSCRIBING WITNESS. Where an instrument is attested, the subscribing witness should be produced at the trial to prove the execution, unless his absence or disability is accounted for, or the execution of the instrument admitted by the adverse party.

3. Trial: OBJECTION TO EVIDENCE. An objection to the admission in evidence of a written agreement made on behalf of two or more parties must be good as to all the parties making the objection in order to constitute error in admitting it.

4. Parties: WAIVER. A defect of parties must be taken advantage of by demurrer or answer, or the defect will be deemed waived.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*O. C. Redick* and *Albert Swartzlander*, for appellants.

*Smyth & Smith, contra.*

DUFFIE, C.

Prior to June 7, 1901, Mary C. Nason, the plaintiff, held legal title to lot 5, in block 23, in the city of Omaha. On said date the plaintiff and William N. Nason, her hus-

band, executed the following declaration and agreement: "This article of agreement made and entered into by and between Wm. N. Nason and Mary C. Nason, both of Omaha, Nebraska, witnesseth: That, whereas the said Mary C. Nason has this day conveyed to the said Wm. N. Nason lot five (5), in block twenty-three (23), in the city of Omaha, as surveyed, platted and lithographed, which said property is jointly owned by said parties; now, therefore, in consideration of said conveyance, the said Wm. N. Nason hereby agrees that in the event of the death of Mary C. Nason before his own he will convey by proper deed of conveyance or by will the undivided half interest in and to said property to Laura Vandergrift, sister of the said Mary C. Nason, and to the heirs of her body or to such other person as the said Mary C. Nason shall by will or written request direct during her lifetime. It being understood that this agreement shall be subject to such reservations and changes as shall be mutually agreed upon by the parties hereto. Witness our hands this 7th day of June, A. D. 1901. Mary C. Nason. W. N. Nason. Witness: Jas. W. Carr."

William N. Nason departed this life April 15, 1904, leaving as his sole heirs at law the widow and the defendants Abner W. Nason and Esther Miner, a brother and sister. The petition sets forth the foregoing facts, and further alleges that, by reason of the premises, William N. Nason took the title to the undivided half of said lot in trust for plaintiff, and that the plaintiff now owns such undivided one-half of the lot. The prayer is for a decree that she owns in fee simple an undivided one-half of the lot; that the defendants have no interest, right or title to said undivided one-half interest; and that the title to said interest be quieted in the plaintiff. The district court entered a decree as prayed in the petition, and defendants have appealed.

It is urged that the court erred in receiving in evidence the declaration and agreement made between the plaintiff and her husband bearing date June 7, 1901, the same not

having been authenticated by the testimony of Jas. W. Carr, the subscribing witness. It is an ancient rule of law that, where an instrument is attested, the attesting or subscribing witness should be produced at the trial to prove the execution. In this state this rule probably applies only to instruments that are required by law to be attested or witnessed. 2 Jones, Evidence, sec. 539; 1 Greenleaf, Evidence (16th ed.), sec. 569; *M'Pherson v. Rathbone,* 11 Wend. (N. Y.) 96, and authorities cited by Jones under sections 538-540. The exceptions to the rule at common law are the death of the subscribing witness, his absence from the jurisdiction of the court, his insanity or incompetency, and his residence being unknown. Our own statute, section 343 of the code, contains the additional exceptions to the rule requiring the production of a subscribing witness as follows: "When a subscribing witness is absent from the county in which the action is pending, denies or does not recollect the execution of the instrument to which his name is subscribed as such witness, its execution may be proved by other evidence." Where the adverse party admits the execution of the instrument, then, of course, no proof of its execution is necessary. In the answer of Mrs. Miner we find the following allegations relating to the agreement in question: "If said agreement was made, it was made without any consideration." And further: "If said agreement was made and entered into by and between said William N. Nason and said plaintiff, it was afterwards agreed by and between said William N. Nason and said plaintiff that said plaintiff would have a lawful interest in said real estate only in case she survived the said William N. Nason, such as she would take under the laws of the state of Nebraska." This we think a substantial admission of the execution of the agreement by William N. Nason. In *State v. Hill,* 47 Neb. 456, we held the following: "Where the petition alleges the delivery of the official bond declared on, the allegation in the answer of a surety, following an averment therein that he signed upon condition the

principal should also sign; that "if it (the bond) was ever delivered, it was done in violation of the express condition aforesaid upon which defendant signed said instrument,' must be treated as a substantial admission of the delivery of the bond." This rule was followed in *Home Fire Ins. Co. v. Johansen,* 59 Neb. 349, and has become the settled rule of pleading in this jurisdiction.  When the agreement was offered in evidence the following objection was made: "The defendants object to the paper being received in evidence on the ground that it has not been properly authenticated and that it is incompetent." As against Mrs. Miner who admitted its execution it needed no authentication, and, the objection being made by both defendants, it could not in that form be sustained by the court, and there was no error in admitting it.  The objection was also too general, and did not bring to the attention of the court the precise question upon which a ruling was asked.  The real objection to the introduction of the paper was that Jas. W. Carr, the subscribing witness, had not testified to its authenticity, and if the objection had been more specific in this respect the attention of the court would have been called to the precise point upon which a ruling was asked.

A further objection is that the court erred in permitting Mrs. Nason to testify to communications had with her husband.  Our statute prohibits a person having a direct legal interest in the result of any civil action, when the adverse party is a representative of a deceased person, from testifying to any conversation or transaction had between the deceased person and the witness.  Code, sec. 329.  We have examined the record with some care to ascertain whether the rule of our statute has been violated in this case.  The nearest approach to it was in the following question: "Do you remember making an agreement with your husband in 1901 with respect to your property on the corner of Seventeenth and Cass?" She answered, over the objection of the defendants: "I do." This can hardly be said to violate the rule.  She did not

attempt to state the terms of the agreement, nor upon what consideration it was based, nor did she identify the agreement when it was produced. There was no transaction had with her husband which she attempted to describe, and no conversation with him which she sought to relate. The court apparently had the rule well in mind, and limited her evidence to its requirements.

It was disclosed in the testimony that subsequent to the agreement above referred to William N. Nason made a will disposing of the property, but that the will could not be found after his death. The defendants seek to make the point that plaintiff should make her claim under the will, and, if lost, have it probated as a lost will. Until the probate court passes upon the question, we cannot say that any valid will ever had any existence, and parties having an interest under a will, if one was made, must take the necessary steps to have it probated and allowed. In the absence of a will and the probate thereof, the rights of the parties must be determined by what is now before the court. If a will was made, and the agreement sued upon was in any way affected thereby, it was for the defendants to make proof of said fact, but they tendered no such issue and the question was not before the court for determination. Neither can we see how William N. Nason could by will divest his wife of her interest in this property. By the terms of the agreement his right to dispose of the property either by deed of conveyance or by will was conditioned upon the death of the plaintiff prior to his own decease. At his death the agreement was terminated, and plaintiff then had a right to assert her interest in the property and to have it reconveyed to her.

It is insisted that George M. Nattinger, the administrator of the estate of William N. Nason, deceased, should have been made a party to the action. No objection was taken in the trial court of a defect of parties, and, under the provisions of our code, if Nattinger was a necessary party the defect has been waived. Code, sec. 96. But

more than this, Nattinger has no title to the property. The right of possession which vests in the administrator was not involved and no interest of the estate which he represents was affected by the decree entered.

We discover no reversible error in the record, and recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.