EUGENE FIELDING, APPELLEE, V. PUBLIX CARS, INC., APPELLANT.

277 N. W. 331

FILED JANUARY 21, 1938. No. 30254.

*Wear, Boland & Nye,* for appellant.

*L. Q. Hills* and *Gaines, McLaughlin & Gaines, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

ROSE, J.

This is an action to recover damages in the sum of $15,000 for alleged negligence resulting in personal injuries to plaintiff.

Publix Cars, defendant, is a corporation conducting the business of a common carrier of passengers for hire in the city of Omaha. While plaintiff was a passenger in a Plymouth sedan taxicab, operated by defendant in or near the intersection of Forty-ninth and Izard streets, Omaha, September 1, 1933, he suffered injuries of which he complains.

The principal charge of negligence is that Elmer Denson, defendant's driver of the cab, stopped it with a jerk and thus threw plaintiff from the rear seat forward, striking his face against the back of the front seat and breaking his right lower jaw bone.

Publix Cars, defendant, as a common carrier of passengers in the city of Omaha, and plaintiff, as a passenger for hire in a cab operated by it, are facts admitted in the answer, but the negligence pleaded by plaintiff is denied and due care on the part of defendant pleaded. There was a general denial of unadmitted allegations in the petition.

Upon a trial of the cause the jury rendered a verdict in

favor of plaintiff for $5,000. From judgment thereon defendant appealed.

A former trial of the same cause resulted in a judgment in favor of plaintiff for $5,000, but it was reversed on appeal for error in the proceedings. *Fielding v. Publix Cars, Inc.*, 130 Neb. 576, 265 N. W. 726.

The present appeal is directed to criticism of six instructions to the jury and to their verdict as excessive. Fragments of the following instruction are challenged as prejudicially erroneous:

"The plaintiff was a due passenger in the defendant's car in the residence part of the city, and was injured to some degree at the time that the car came to a stop near the end of his journey.

"The plaintiff brings this action for damage money for claimed injuries then received, as he claims, and in his petition as a basis for his action, he charges that the defendant's servant, the driver in charge of the defendant's cab was negligent, which negligence, he claims, was the proximate cause of his injuries, and were as follows:

"That the operator of the taxicab brought the cab to a sudden and violent stop, resulting proximately in the rebreaking of his jaw, and compelling him for a long time to suffer pain and incur medical, surgical and hospital expenses, and which resulted, also he claims, in abscesses and different operations, to ameliorate his condition, and the removal of teeth, and the malformation of his jaw, and the loss of motion to his jaw, and weakened and nervous condition and bad health, all as the proximate result of his claimed injuries, and compelling him to incur the necessary expenses to alleviate his condition and further dentistry bills.

"And the plaintiff sues for claimed damages compensating him for each and severally the stated things proximately resulting from his said claimed injuries, as he claims proximately resulting from the negligence of the defendant's operator in so suddenly stopping his said car."

It is argued by defendant that the trial court, in the

first paragraph of the instruction quoted, erroneously assumed the facts that plaintiff was injured near the end of his journey and that he was injured when the car came to a stop near the end of the journey, and invoked the rule that: "An instruction is erroneous which assumes a fact as established which is material to the case and as to the existence of which the evidence is conflicting." *Howe v. Provident Loan & Investment Co.*, 130 Neb. 469, 265 N. W. 255.

Under an established rule of pleading, defendant admitted in its answer what the trial court stated in the first paragraph of the instruction to the effect plaintiff "was injured to some degree at the time that the car came to a stop near the end of his journey." Defendant alleged in its answer:

"A year prior to the happening of said alleged accident plaintiff had received a fractured jaw at the place and in the identical location where he claims to have received an injury in the accident of September 1, 1933, which fracture was sustained by plaintiff on September 4, 1932, as the result of being struck with a gas pipe, and any disability which plaintiff may have suffered in his jaw was the result of having been struck with the gas pipe on September 4, 1932, and was in nowise connected with or grew out of the alleged accident of September 1, 1933. * * * Whatever slight injury, if any, plaintiff may have received in said alleged accident of September 1, 1933, was the direct and proximate result of his own negligence and want of care which caused and directly contributed to cause whatever slight injury he may have sustained, if any."

The "accident" to which defendant referred in its answer occurred September 1, 1933, near the end of plaintiff's journey. The answer contains the further pleas that "any disability which plaintiff may have suffered in his jaw was the result of having been struck with a gas pipe on September 4, 1932, and was in nowise connected with or grew out of the alleged accident of September 1, 1933,"

and that "whatever slight injury, if any," he may have received in the accident of September 1, 1933, was the result of his own negligence.

The rule of pleading which treats the answer as an admission that plaintiff "was injured to some degree at the time the car came to a stop near the end of his journey" was stated as follows:

"Facts alleged in a petition to which the defendant in his answer pleads a waiver, an estoppel, or matter to avoid, will be treated as admitted, though the answer also contains a general denial." *Nason v. Nason,* 79 Neb. 582, 113 N. W. 139. See, also, *Dwelling House Ins. Co. v. Brewster,* 43 Neb. 528, 61 N. W. 746; *Oliverius v. Wicks,* 107 Neb. 821, 187 N. W. 73; *Miller v. Drainage District,* 112 Neb. 206, 199 N. W. 28; *Home Fire Ins. Co. v. Johansen,* 59 Neb. 349, 80 N. W. 1047; *State v. Hill,* 47 Neb. 456, 66 N. W. 541.

The first paragraph of the instruction was not only justified by the answer, but no other rational conclusion than that stated therein could have been reached by the jury in view of all the evidence. Furthermore, the language criticized did not assume plaintiff was injured by the negligence of defendant and did not mislead or confuse the jury in any respect. From every standpoint, therefore, this criticism is without merit.

Another fragment of the same instruction is also challenged as erroneous in stating a portion of plaintiff's claim that: "The operator of the taxicab brought the cab to a sudden and violent stop, resulting proximately in the rebreaking of his jaw." The use of the word "rebreaking" is criticized as erroneous. There was no controversy over the established fact that a highwayman struck plaintiff with a gas pipe September 4, 1932, and fractured his right lower jaw bone. The physician promptly employed by plaintiff testified he treated him continuously until October 24, 1932; that there was then a bony union of the broken parts of the jaw; that plaintiff was discharged on the latter date as cured. The case was tried by plaintiff on the

theory there was a bony union after the highwayman's assault and by defendant on the theory there never was any permanent union before the accident of September 1, 1933. The experts disagreed in their opinions on the condition of the first fracture prior to the later accident. On behalf of defendant there is expert testimony to the effect that the parts separated by the fracture of 1932 were not permanently united by bony tissue, but there was an admission, binding on defendant, of a fibrous union that held the parts in place and permitted use of the jaw. Consequently, the fibrous union, if the only one, was subject to fracture. The answer states in substance that the alleged fracture of 1933 was in the identical location of the alleged fracture of 1932. Under the pleadings and evidence, therefore, the trial court did not err or confuse the jury or prejudice defendant by the use of the word "rebreaking."

Misstatements of defendant's position in fragments of another instruction are also assigned as error. The criticism is directed principally to statements of defendant's theory to the effect that there was nothing more than a union of a fibrous nature and that the injuries, if any, were slight. As already explained, witnesses for defendant itself testified there was a fibrous union which held the parts in place and permitted a use of the jaw. In addition, the answer to the petition admitted that plaintiff was injured while a passenger for hire in the cab operated by defendant. In connection with the pleadings and the evidence, the instructions as a whole were not prejudicially erroneous in the respects indicated.

An instruction defining the degree of care required of common carriers of passengers for hire is the subject of another assignment of error. The proper standard of care was stated as follows:

"They are required to exercise the utmost skill, diligence and foresight consistent with the business in which they are engaged for the safety of the passengers, and they are liable for the slightest negligence." *Griffen v. Lincoln Traction Co.*, 118 Neb. 459, 225 N. W. 232.

The instruction on this subject departed from the strict language of the rule, but not from the substance of it. There was no material difference in import to mislead the jury. This assignment of error is therefore overruled.

Parts of other instructions are also condemned by defendant as erroneous, but they did not permit any recovery of damages for the injury inflicted by the highwayman; but an examination of the criticisms in connection with the entire charge to the jury and with the pleadings and the evidence fails to disclose any error prejudicial to defendant.

It is earnestly insisted that the verdict of $5,000 is excessive. The jury evidently believed the witnesses who testified that the first fracture healed and that there was a solid union of the two parts of the jaw bone prior to the fracture of September 1, 1933. As the result of defendant's negligence and the injury in the cab, the evidence adduced by plaintiff tends to prove he was in the hospital several days; pus and bone came out of his jaw from the later fracture; submitted to surgical operations seven or eight times; went to physician every day for three months; required attention of physician for a year; could not chew food or speak distinctly; was nourished by soft or liquid food; lost upper teeth; able to eat and speak normally before but not after injury in the cab; suffered intense pain; lost sleep; was nervous; face scarred and disfigured; earned 35 to 50 dollars a month before injury in cab but nothing substantial afterward; was able to work before but not afterward; permanently injured and disfigured; hospital bills, $53.85; dental surgery, $450; physician's charges, $254; expectancy of life, 25.71 years. This is a mere summary of facts evidenced by a great volume of testimony. Witnesses so testifying, having been believed by the jury from competent proofs, there does not seem to be any substantial ground for a finding that the verdict is excessive. In the review of the entire record, assigned error prejudicial to defendant has not been found.

AFFIRMED.