GOTTHILF C. HUEFTLE ET AL., APPELLEES, V. THE FARMERS ELEVATOR, APPELLANT: IMPLEADED WITH GUSTAV A. HUEFTLE ET AL., APPELLEES.

16 N. W. 2d 855

FILED DECEMBER 22, 1944. No. 31859.

*Cloyd E. Clark,* for appellant.

*Butler, James & Morrison, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an appeal from a decree enjoining a distribution of dividends in accordance with amendments to the articles of incorporation and bylaws of The Farmers Elevator, Eustis, Nebraska, a corporation, on the ground that said amended articles and bylaws violate the contractual rights of minority stockholders and are not consistent with the nature, purposes and objects of the corporation as stated in its original articles and bylaws.

The record shows that plaintiffs are stockholders in the corporation. They allege that The Farmers Elevator was organized for the purpose of carrying on the business of buying and selling grain, hay, livestock and other agricultural products and that it purchased an elevator and office building to carry on the business in Eustis, Nebraska. Plaintiffs then allege the intent of the directors of the corporation to distribute the profits of the corporation on the basis of and in proportion to the amount of the business done with the corporation, rather than as dividends on the stock of the corporation. It is also alleged that said corporation directors are assuming the power to recall the stock of the corporation and to give in exchange therefor a new and different type of share and certain so-called participation certificates on which they purport to pay patronage dividends rather than the stock dividends required by the articles of incorporation. It is alleged that a large amount of profits have accrued and that defendants, unless enjoined,

will pay them out as patronage dividends to the irreparable injury of plaintiffs. The petition also alleges the invalidity of certain amended articles of incorporation under which the defendants are purporting to act. The petition prays for an injunction enjoining defendants from proceeding in any manner under the amended articles of the corporation.

The defendants by their answer allege that on March 4, 1943, at a regularly called meeting of the stockholders of the corporation, certain amendments to the articles of the corporation were adopted which purported to change The Farmers Elevator to a co-operative corporation and provided for the distribution of dividends upon a patronage basis. Subsequently the officers and directors adopted bylaws in conformity with the amended articles and have since proceeded to act in accordance therewith. The answer admits the purposes of the corporation as originally formed and pleads the adoption and validity of the amended articles and bylaws giving rise to the present litigation. There are additional allegations in the answer to the effect that plaintiffs are barred by estoppel and laches from asserting their claim.

Plaintiffs filed a general demurrer to the answer which the trial court sustained. Defendants elected to stand on their answer, an injunction decree was entered as prayed for in the petition and an appeal taken therefrom. The correctness of this ruling is the sole question raised by the appeal.

The fundamental question to be determined is whether the adoption of amended articles of incorporation by a majority of the stockholders, whereby it is sought to convert a stock corporation organized under the general corporation laws of the state into a co-operative corporation distributing dividends on a patronage basis, is violative of the contractual rights of minority stockholders and constitutes such a fundamental change in the nature, purposes and objects of the corporation as to make such amendments invalid.

The purpose of the suit is to prevent the distribution of

the profits of the corporation in the manner provided by the amended articles and bylaws. It is self-evident that stockholders under the original articles will be deprived of dividends to which they were entitled thereunder. By their purchase of stock they acquired a contractual right to share in the net profits in the form of dividends on stock. An attempt to make a distribution of net profits on a patronage basis constitutes a violation of plaintiffs' contract rights.

"It is settled law that a corporation has no power to adopt by-laws which impair or destroy the obligations of contracts or rights thereunder or vested rights, and that by-laws which have that effect are invalid and unenforceable against a person whose rights are impaired or destroyed thereby." 8 Fletcher, Private Corporations (Perm. ed.) sec. 4188. The foregoing rule applies with equal force to amendments to the bylaws.

In a case very similar on fact and principle this court said: "In 1916 there was an attempt to amend the articles of incorporation by changing the Farmers Elevator Company to a co-operative association within the meaning of the statute cited. Later defendants planned to distribute profits under the amendment. Such a course, if pursued, would deprive plaintiffs of dividends to which they were entitled under their contracts as original stockholders and would destroy their contractual rights. This neither the legislature nor the defendants can lawfully do." *Allen v. White,* 103 Neb. 256, 171 N. W. 52.

In *Supreme Commandery Knights of the Golden Rule v. Ainsworth,* 71 Ala. 436, the court said: "A corporation has not capacity, as the legislative power from which it derives existence has not competency, by laws of its own enactment, to disturb or divest rights which it had created, or to impair the obligations of its contracts, or to change its responsibilities to its members, or to draw them into new and distinct relations."

The amendments change the fundamental arrangements and plans of the corporation as it was organized when plaintiffs became stockholders and impair the contractual

rights which they then acquired. It follows that the amendments and the proceedings of the defendants taken thereunder are void.

Defendants urge that plaintiffs are estopped to question the validity of the amended articles and bylaws for the reason that they permitted defendants to advertise and solicit business for approximately seven months without objection thereto, that the articles and bylaws provided for their own amendment at the time plaintiffs purchased their stock and they are bound thereby, and that previous amendments to the articles and bylaws had been made to which plaintiffs had acquiesced. We find no merit in these contentions. A delay of seven months cannot be deemed unreasonable where, as here, no effort was made to distribute dividends on a patronage basis until shortly before the suit was brought.

While it is true that the right to amend the articles and bylaws was reserved at the time plaintiffs became stockholders, the right to amend was not absolute. The power to amend articles and bylaws is an incident of the power to adopt them and a general reservation of the right to amend ordinarily creates no different situation than if it were not reserved at all. In either event, the fact that a stockholder may purchase stock at a time when the right to amend the articles and bylaws is reserved does not operate to confer authority to make an amendment which will amount to the destruction or impairment of the vested or contract rights of the member. Neither does the fact that a stockholder acquiesces in previous amendments estop him from asserting his rights when a subsequent article or bylaw is amended which materially affects his interests.

Defendants contend that a general denial was included with the affirmative matters pleaded in their answer and that the trial court therefore was in error in sustaining the general demurrer thereto. An examination of the answer reveals that all the material facts were admitted therein and affirmative defenses pleaded thereto. We think the situation is covered by the following rule: "Facts alleged in

a petition to which the defendant in his answer pleads a waiver, an estoppel, or matter to avoid, will be treated as admitted, though the answer also contains a general denial." *Nason v. Nason,* 79 Neb. 582, 113 N. W. 139; *Fielding v. Publix Cars, Inc.,* 133 Neb. 818, 277 N. W. 331.

We are of the opinion that the amendments to the articles of incorporation and bylaws here involved constitute such a fundamental change in the nature, purposes and objects of the corporation and such an impairment of the contractual rights of the plaintiffs, that the trial court was correct in declaring their invalidity. The trial court was right in sustaining the demurrer to defendants' answer and in entering the injunctive order prayed for in plaintiffs' petition when defendants elected to stand on their answer.

AFFIRMED.