HELEN S. JOHNSON, APPELLANT, V. SCHOOL DISTRICT No. 3 OF CLAY COUNTY, NEBRASKA, APPELLEE.

96 N. W. 2d 623

Filed May 22, 1959. No. 34553.

*Madgett & Hunter,* for appellant.

*S. W. Moger* and *J. T. Massie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff commenced this action against the defendant to recover $1,050, the balance alleged to be due under a written contract of employment as a teacher. The trial court held the contract void and dismissed the action. The plaintiff has appealed.

Plaintiff contends primarily that the trial court erred in overruling her motion for a summary judgment and in sustaining a motion to dismiss plaintiff's cause of action at the close of plaintiff's evidence on the trial of the case.

There is no bill of exceptions filed in this case. The plaintiff asserts that the pleadings and the answers to requests for admissions appearing in the transcript show that there is no question of fact to be determined and that she is entitled to a judgment as a matter of law. The requests for admissions and the answers thereto are evidence which this court can consider only if preserved in a bill of exceptions. Consequently, the pleadings are all that are before us in considering the correctness of the court's ruling on the motion for summary judgment. A motion for summary judgment may not be used as a substitute for a motion to dismiss, a demurrer, or a motion for judgment on the pleadings. Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543. We shall not consider, therefore, the alleged error of the trial court in overruling plaintiff's motion for summary judgment. Under the state of the record the issues raised on the appeal will be determined on consideration of the correctness of the court's ruling in dismissing the cause of action at the close of plaintiff's evidence. There being no bill of exceptions, the issue in that respect is whether or not the pleadings sustain the judgment. Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137; Benedict v. State, 166 Neb. 295, 89 N. W. 2d 82.

The only question to be determined, therefore, is whether or not the pleadings sustain the judgment of the

district court. The petition alleges plaintiff was at all times herein mentioned legally qualified to teach school in Nebraska by virtue of a valid certificate issued by the Superintendent of Public Instruction of the State of Nebraska. It alleges also that on or about October 20, 1954, plaintiff and defendant entered into an agreement in writing, which agreement is attached to and made a part of the petition. It alleges that by the terms of the agreement plaintiff agreed to teach school in the defendant district for a period of 7 months, commencing on or about November 1, 1954. The compensation for such service was fixed by the contract at $1,470, payable at the rate of $210 per month. The petition further alleges that plaintiff entered into the performance of her duties on November 1, 1954, and continued to perform her duties under the contract until January 26, 1955, on which date the school board of such district terminated and cancelled the agreement, and discharged the plaintiff illegally and without cause. It is alleged that plaintiff was paid $420 for her services and that there remains due and unpaid under the terms of the agreement the sum of $1,050 for which she prays judgment. The contract attached to the petition states among other things that plaintiff is a legally qualified teacher who holds, or will hold at the beginning of the term of this contract, a third-grade elementary certificate in force and valid in said county for the entire period of the contract. The contract further provides that it may be terminated only by mutual agreement or by operation of law, and that there shall be no penalty for such release from this contract.

The defendant admits by its answer that it entered into the contract attached to the plaintiff's petition. The defendant denies that plaintiff was legally qualified to teach school in the public schools of Nebraska. The answer admits that the school board terminated and cancelled the written agreement because of her incompetency, insubordination, neglect of duty, and general

improper conduct during and outside of school hours. The answer also alleges that plaintiff failed to teach school in a proper and efficient manner and thereby breached her contract with the school district; and that she was fully paid all salaries due her during the time she was employed by said school district. The answer denies all other allegations contained in plaintiff's petition.

The plaintiff by her reply admits that she was paid for her services from November 1, 1954, to January 26, 1955, and alleges that defendant was estopped from discharging plaintiff or terminating or cancelling the written contract for any reason except by mutual agreement or by operation of law. Plaintiff alleges also that the school district ratified and confirmed the contract by its action subsequent to its execution and by its answer filed in the present suit. All other allegations of defendant's answer were denied.

The contention of the defendant is that the contract was void because the plaintiff did not hold a teacher's certificate at the time she entered into the contract. The defendant relies on our holdings in Markey v. School Dist. No. 18, 58 Neb. 479, 78 N. W. 932; Zevin v. School Dist. No. 11, 144 Neb. 100, 12 N. W. 2d 634; and Kuhl v. School Dist. No. 76, 155 Neb. 357, 51 N. W. 2d 746. At the time the situation in those cases arose the applicable statute provided that each holder of a teacher's certificate shall, before contracting to teach, register the same in the office of the county superintendent of the county in which he is contracting to teach. § 79-1338, R. S. 1943. In 1949, however, the Legislature passed an act recodifying the school laws of this state. Laws 1949, c. 256, p. 689. The pertinent parts of this act now provide: A contract for the employment of a teacher shall be in writing on a form recommended by the Superintendent of Public Instruction. § 79-1248, R. R. S. 1943. Such contract shall contain a provision whereby the employed person affirms

that he holds or will hold, at the beginning of the term of the contract, a valid certificate properly registered in the office of the county superintendent. § 79-1250, R. R. S. 1943. The holder of a teacher's certificate shall, before beginning to teach, register the same in the office of the county superintendent of the county in which he is contracting to teach, and no certificate to teach nor contract for a school shall be valid until the certificate is so registered. § 79-1239, R. R. S. 1943. A teacher violating the certificate and registration provisions of the statutes shall not recover any money for services while teaching during the time that such contract and certificate are invalid. § 79-1240, R. R. S. 1943.

It is plain from the foregoing that a teacher may enter into a valid contract with a school district who does not then have a teacher's certificate. In other words, such a contract is not void because a teacher does not then hold a teacher's certificate. She may properly contract to have such a certificate and to register it with the county superintendent at the beginning of the term of the contract. The contract in the instant case is clearly within the purview of the statutes on the subject.

There is a contradiction of terms in the cited statutes. The use of the terms "valid" and "invalid" in sections 79-1239 and 79-1240, R. R. S. 1943, gives rise to this assertion. The Legislature clearly meant that such contracts should be effective or ineffective rather than valid or invalid. Such contracts under the cited sections of the statutes are valid when entered into and are voidable when statutory requirements are not met. The effect of existing statutes is that a teacher must have a certificate registered with the county superintendent before she begins to teach. If the teacher does not have such certificate on file the contract is voidable and may be terminated by the school district. If the contract is not terminated during the time the

teacher is in default in not having a teacher's certificate registered with the county superintendent before beginning to teach, the statute provides that such teacher shall not recover any money for teaching during the period of such default. In other words, if the contract is not terminated by the proper authority during the period of the default, and the teacher subsequently meets the requirements of the statute as to holding and registering her certificate, the contract is valid, even though the teacher is precluded from recovering compensation during the period of the default.

In the instant case the defendant admitted entering into the contract with the plaintiff; admitted paying her until January 26, 1955; and alleged affirmatively that the contract was terminated and cancelled because of incompetency, insubordination, neglect of duty, and general improper conduct during and outside of school hours. Under our holdings involving a similar contract in Greer v. Chelewski, 162 Neb. 450, 76 N. W. 2d 438, the power to terminate the contract for such reasons is lodged with the then Superintendent of Public Instruction, now the State Board of Education. See, also, Schlueter v. School Dist. No. 42, *ante* p. 443, 96 N. W. 2d 303. Consequently, the school district officers were without authority to terminate its contract with the plaintiff for the reasons stated, and the affirmative defense alleged is not a defense to the action. See § 79-1234, R. R. S. 1943.

The defendant asserts that the general denial contained in the answer raises issues of fact and precludes a determination of the issues raised by the appeal on the pleadings. It has long been the rule in this state that where defendant admits the material facts in plaintiff's petition and pleads a waiver, an estoppel, or matters in avoidance as a defense thereto, such material facts will be treated as true, though the answer also contains a general denial. Dwelling House Ins. Co. v. Brewster, 43 Neb. 528, 61 N. W. 746; Nason

v. Nason, 79 Neb. 582, 113 N. W. 139; Hueftle v. The Farmers Elevator, 145 Neb. 424, 16 N. W. 2d 855; Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224. Under the foregoing rule the plaintiff's allegations of fact contained in her petition stand conclusively admitted and require no evidentiary proof. Kipf v. Bitner, 150 Neb. 155, 33 N. W. 2d 518; Kuhlmann v. Platte Valley Irr. Dist., 166 Neb. 493, 89 N. W. 2d 768. The contract being valid and not terminated by mutual agreement or by operation of law in accordance with its terms, the ruling on the motion to dismiss made at the close of plaintiff's evidence was erroneous, particularly since the affirmative defense alleged in defendant's answer was not a defense as a matter of law.

We conclude that the judgment of dismissal is not sustained by the pleadings. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.