STATE SECURITIES COMPANY, A CORPORATION, APPELLEE, v. JAMES CORKLE ET AL., APPELLANTS.

216 N. W. 2d 879

Filed April 4, 1974. No. 39191.

Robert E. Paulick and Richard E. Gee, for appellants.

William W. Griffin, Herman Ginsburg, and Ronald Rosenberg, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

CLINTON, J.

Appellee, State Securities Company, brought this action against appellants Corkle to foreclose liens upon certain chattels created by a note and security agreement dated August 11, 1967, and an additional security agreement. Appellee also prayed for a deficiency judgment. The trial court entered judgment for the appellee.

Appellants assign the following as errors below: (1) The denial of appellants' request for a jury trial. (2) The failure of the trial court to allow appellants to responsively plead to appellee's petition which was amended at the close of all evidence to conform to the facts proved. (3) Failure of the appellee to establish the execution of the notes by appellant Blanche Corkle.

(4) The amount of the judgment is not supported by the pleadings or evidence. (5) The transaction here involved was usurious. We will discuss these assignments in the order noted above.

Section 25-1104, R. R. S. 1943, establishes a right to jury trial in certain civil matters and states, in pertinent part, as follows: "Issues of fact arising in actions for the recovery of money or of specific real or personal property, shall be tried by a jury unless a jury trial is waived . . .." Appellants argue, on the basis of the above-quoted statute, that the trial court erred in denying their request for jury trial. Appellants cite Cook v. Wilkie, 181 Neb. 596, 150 N. W. 2d 124 (1967), in which the plaintiff sought an accounting and recovered a money judgment. On appeal the defendant contended he was entitled to a jury trial. This court stated: "Finally defendant contends, since a money judgment only was entered, that he was entitled to a jury trial. This is a suit for an accounting. Both parties ask for a determination of the amount due resulting from a large number of interrelated transactions that took place over many years. Both ask for equitable relief. This is a proper basis for equity jurisdiction because of the inadequacy of the remedy at law. [Citations omitted.] There is no merit to this contention." The foreclosure of a mortgage is an action in equity. Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545 (1943). Issues in equity cases are triable to the court without a jury. Smith v. Perry, 52 Neb. 738, 73 N. W. 282 (1897). The denial of a jury trial in this case was not error.

The mortgage sought to be foreclosed was given to secure a promissory note executed by the appellants on August 11, 1967. This note was given to extend the payment date of previously outstanding notes from appellants to appellee and for additional advances. At trial the appellants requested the earlier notes be pro-

duced. These notes and business records relating thereto were produced and were the subject of considerable cross-examination by appellants' counsel. At the close of all evidence the appellee moved, perhaps out of caution, to amend its petition to conform to the evidence. That motion was granted, but appellants' motion to responsively plead to the amended petition was denied.

Section 25-852, R. R. S. 1943, states in part: "The court may . . . in furtherance of justice, and on such terms as may be proper, amend any pleading . . ., when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." In McCarty v. Morrow, 173 Neb. 643, 114 N. W. 2d 512 (1962), this court stated: "After the issues have been fully made up it rests within the sound judicial discretion of the trial court either to permit amendment of the pleadings in furtherance of justice, or to refuse the right of amendment." Since the amendment here allowed did not substantially alter the nature of the claim against appellants, the appellants were not prejudiced by this action. There was no abuse of discretion in the denial of appellants' motion to responsively plead to appellee's amended petition.

Appellee's initial petition alleged that it had a special ownership interest in certain described personalty by virtue of a financing statement and security agreement executed and delivered by appellants Corkle to secure an indebtedness represented by a promissory note. Appellants answered by a general denial, but further alleged that they had "made payments to the Plaintiff throughout the years," that "any notes executed are usurious in their interest rates and in excess of that amount of interest allowed or charged by an industrial loan and investment company under and pursuant to the laws of the State of Nebraska," and that any property mortgaged had died or been disposed of with con-

sent of the appellee. Appellants now assert that appellee failed to show the execution of any of these instruments by Blanche Corkle. Appellee counters that both appellants admitted the execution of these instruments by the pleading of material in avoidance of appellee's petition.

In Nason v. Nason, 79 Neb. 582, 113 N. W. 139 (1907), this court held that the execution of an instrument may be admitted in pleadings where matters in avoidance are specifically pleaded, even though the answer also contains a general denial, stating: "Facts alleged in a petition to which the defendant in his answer pleads a waiver, an estoppel, or matter to avoid, will be treated as admitted, though the answer also contains a general denial." See, also, Johnson v. School Dist. No. 3, 168 Neb. 547, 96 N. W. 2d 623 (1959); Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224 (1951); Hueftle v. The Farmers Elevator, 145 Neb. 424, 16 N. W. 2d 855 (1944). Appellants' general denial was not effective as to the question of the execution of these instruments in view of the specific allegations of their answer. The execution of these instruments by both appellants was properly treated as admitted.

The appellants contend the amount of the judgment entered is incorrect. The prayer of appellee's petition requests $29,345.82 with interest at $8.20 per day from March 27, 1972. Judgment for appellee was entered effective December 1, 1972, for $31,870.18. There appears to have been an error of $482.56 in computing the amount due. The judgment is reduced by that amount.

Finally, appellants claim the rate of interest charged by appellee was in excess of that permitted by section 8-435, R. R. S. 1943. That section provided that an industrial loan and investment company may contract for and receive interest on a loan not in excess of 18 percent per year on the first $1,000 and 12 percent per year on the balance over $1,000. The controversy here

centers around the manner in which the 12 percent simple interest is to be calculated. Appellee computed interest on the basis of a year composed of 12 30-day months, or a 360-day year, in arriving at a daily interest factor. Appellee used a 360-day year, relying upon section 8-441, R. R. S. 1943, which states: "For the purpose of computing charges, . . . a month shall be any period of thirty consecutive days, and the rate of charge for each day shall be one-thirtieth of the monthly rate." Appellants' testimony establishes that the daily interest factor achieved by use of a 360-day year, when charged for 365 days, produces a return in excess of 12 percent simple interest. Is such a charge within the contemplation of the statute? We believe that it is. The term "year" in section 8-435, R. R. S. 1943, is not further defined in the statute. However, section 8-441, R. R. S. 1943, requires that the daily interest rate be one-thirtieth of the monthly rate. Since interest computed in accordance with section 8-441, R. R. S. 1943, at 12 percent a year, or 1 percent a month, would divide that monthly rate into thirty equal parts for the purposes of a daily interest figure, one must assume either that the term "year" in section 8-435, R. R. S. 1943, contemplates a 360-day year, or that section 8-441, R. R. S. 1943, could allow, on a 365-day year, interest in excess of the stated maximum. Reading the two sections together, we find that the 360-day method of computing interest used by appellee, under these statutes, was not usurious.

In view of the above holdings it is ordered that the judgment be reduced by the amount of $482.56.

AFFIRMED AS MODIFIED.